IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| LOCAL UNION 1914 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO<br><br>Plaintiff,<br><br>vs.<br><br>CURTISS-WRIGHT ELECTRO-MECHANICAL CORPORATION, EMD<br><br><br><br>Defendant. | C.A. No.: |

## COMPLAINT

**AND NOW** comes the Plaintiff, Local 1914 of the International Brotherhood of Electrical Workers, AFL-CIO, who files this Complaint for breach of a collective bargaining agreement, averring as follows:

*FIRST:* Plaintiff Local Union 1914 of the International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the Union) is a labor organization within the meaning of the Labor Management Relations Act, 1947, as amended. (hereinafter the Act). 29 U.S.C.S. § 152(5).  The Union is a labor organization in an industry affecting commerce, doing business in Harwick, Pennsylvania.

1

*SECOND:* Defendant Curtiss-Wright Electro-Mechanical Corporation, EMD (hereinafter the Company) is a Pennsylvania corporation, and is an employer within the meaning of the Act. 29 U.S.C.S. § 152(2). The Company is an employer in an industry affecting commerce.

*THIRD:* The Union represents certain employees of the Company, and the Union and the Company are signatory to a collective bargaining agreement covering certain employees of the Company. The collective bargaining agreement contains a grievance procedure, attached hereto as Exhibit A.

*FOURTH:* The Union brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq., which permits a court to remedy a breach of a collective bargaining agreement.

*FIFTH:* Venue is proper in this judicial district since both parties conduct business in this judicial district.

*SIXTH:* The Union filed a grievance, number 2856, on behalf of its member Carol Moten alleging that the company breached the collective bargaining agreement, following the company's actions in reassigning Moten's duties to another employee, and moving Moten to the second shift. A true and correct copy of the grievance is attached hereto as Exhibit B.

*SEVENTH:* The collective bargaining agreement at Article VI contains a grievance procedure. The grievance procedure specifically provides for a three step process to resolve grievances. If a grievance is not resolved after the third step of the procedure, upon the *mutual consent* of the company and the local union, it can be submitted final and binding arbitration before a neutral arbitrator.

*EIGHTH*: The Union has requested that the company arbitrate grievance 2856, but the company has refused to arbitrate the grievance. Therefore, the union cannot proceed unilaterally before a neutral arbitrator to remedy the breach of the collective bargaining agreement.

*NINTH*: The company breached the collective bargaining agreement by its actions as raised in grievance 2856.

**WHEREFORE**, Plaintiff respectfully requests:

a) That this Court conclude that the company breached the collective bargaining agreement and issue declaratory and injunctive relief to remedy the effects of the company's breach of the agreement and restore grievant Carol Moten to the status quo ante;

b) That Plaintiff be awarded its attorney's fees and costs in bringing this action to remedy a breach of the collective bargaining agreement ;

c) That this Court grant such other relief as may be just and proper.

Respectfully submitted,

___/s/Marianne Oliver_____

Marianne Oliver
Pa. I.D. #46463
GILARDI, OLIVER & LOMUPO
223 Fourth Ave., 10th Floor
Pittsburgh, PA  15222
(412) 391-9770
(412) 391-9780 (fax)
moliver@lawgol.com

*Counsel for Plaintiff*